# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| LAVERN BERRYHILL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. CIV 10-176-JHP |
| JUDGE RONALD A. WHITE and | ) | |
| JUDGE STEVEN P. SHREDER, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Lavern Berryhill, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, has filed this civil rights action pursuant to 42 U.S.C. § 1983 against United States District Judge Ronald A. White and United States Magistrate Judge Stephen P. Shreder, both of whom serve in this court. Plaintiff alleges Judge White and Judge Shreder each "abused his office to protect his Ku Klux Klan friends," as evidenced by plaintiff's litigation in *Berryhill v. Henry*, No. CIV 10-091-FHS-SPS (E.D. Okla.), and *Berryhill v. Seay*, No. CIV 10-151-JHP (E.D. Okla. May 10, 2010). Plaintiff maintains the defendants had a "criminal meeting of the minds" on May 3, 2010, to disregard state and federal law and to deprive him of his constitutional rights as a prisoner. He specifically alleges Judge White and Judge Shreder are depriving him of sufficient food and water, failing to protect him from physical and mental assaults, and attempting to murder him. He claims he has been kidnaped and held in involuntary servitude.

The court has reviewed the record and construed plaintiff's pro se pleadings liberally.

*Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Although plaintiff has not paid the filing fee in this action or been granted leave to proceed *in forma pauperis*, this court is empowered to dismiss the complaint pursuant to 28 U.S.C. § 1915A:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identity cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
>
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>>
>> (2) seeks monetary relief from a defendant who is immune from such relief. . . .

28 U.S.C. § 1915A. *See also Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) ("§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee.").

Here, the court finds plaintiff's complaint is both frivolous and malicious. Judges have absolute immunity for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). There are only two exceptions to this absolute immunity: actions taken outside the judge's judicial capacity, and actions "taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Ct. of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (quoting *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). The court further finds the allegations in plaintiff's complaint are vague and conclusory, and the allegations do not rise

2

to the level of a constitutional violation. The Tenth Circuit Court of Appeals consistently has held that bald conclusions, unsupported by allegations of fact, are legally insufficient, and pleadings containing only such conclusory language may be summarily dismissed or stricken without a hearing. *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), *cert. denied*, 493 U.S. 1059 (1990); *Lorraine v. United States*, 444 F.2d 1 (10th Cir. 1971). Therefore, summary dismissal is appropriate.

**ACCORDINGLY,** this action is, in all respects, DISMISSED as frivolous and malicious, pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED** this 7th day of June 2010.

James H. Payne
United States District Judge
Eastern District of Oklahoma